## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELLIOTT INVESTMENT
MANAGEMENT L.P.
    360 S. Rosemary Ave., 18th
    Floor, West Palm Beach, FL
    33401

    *Plaintiff*,

v.

SECURITIES AND EXCHANGE
COMMISSION,
    100 F St. NE
    Washington, DC 20549,

    *Defendant*.

Civil Action No. _____

## COMPLAINT

1.    Elliott Investment Management L.P. ("Plaintiff" or "Elliott") brings this action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.* On March 3, 2023, June 1, 2023, and July 12, 2023, Elliott submitted FOIA requests seeking public records from the United States Securities and Exchange Commission ("Defendant" or "SEC") (the "FOIA Requests," copies of which are attached as Exhibits A, B, and C).

2.    The FOIA Requests seek records concerning the SEC's development of two proposed rules: (i) the portion of the SEC's rulemaking proposal entitled *Prohibition Against Fraud, Manipulation, or Deception in Connection With Security-Based Swaps; Prohibition Against Undue Influence Over Chief Compliance Officers; Position Reporting of Large Security-Based Swap Positions* relating to position

reporting of large security-based swap positions, 87 Fed. Reg. 6652 (Feb. 4, 2022)
("Rule 10B-1 Proposal"), Release No. 34-93784, File No. S7–32–10; and
(ii) *Modernization of Beneficial Ownership Reporting*, 87 Fed. Reg. 13846 (Mar. 10,
2022) ("Section 13(d) Proposal"), Release Nos. 33-11030, 34-94311, File No. S7–06–22
(collectively, the "Proposed Rules").

3.      The FOIA Requests are particularly relevant and time-sensitive because
they relate to the underlying foundations for and communications surrounding the
Proposed Rules.  The Proposed Rules have been in the time-constrained notice-and-
comment process since early 2022, and Elliott and many others have submitted
comments.  Although part of the Section 13(d) Proposal has been approved, key
portions of the Proposed Rules are still under review, and Elliott's FOIA Requests
remain outstanding.

4.      To date, the SEC has not issued a timely or lawful determination on
whether to comply with Elliott's FOIA Requests, nor has the SEC released a single
responsive record.

5.      The SEC is unlawfully withholding from public disclosure information
sought by Elliott—information to which Elliott is entitled and for which no valid
disclosure exemption applies or has been properly asserted.

6.      Specifically, the SEC violated, and remains in violation of, the statutory
mandates imposed by the FOIA by failing to provide a timely and lawful
determination on Elliott's FOIA Requests (**Count I**); failing to conduct a reasonably
adequate search that is calculated to locate all records responsive to Elliott's FOIA

Requests (**Count II**); and unlawfully withholding agency records responsive to the FOIA Requests for which no valid disclosure exemption applies or has been properly asserted, or unlawfully failing to provide the reasonably segregable, non-exempt portions of those otherwise exempt records (**Count III**).

7.     Elliott therefore seeks a declaration from the Court that the SEC violated the response deadlines contained in the FOIA, prejudicing Elliott's timely access to agency records of public importance.  Elliott also seeks injunctive relief ordering the SEC to conduct a reasonably adequate search for responsive records, to promptly release all non-exempt responsive records, and to promptly release all reasonably segregable, non-exempt portions of otherwise exempt records.  Finally, Elliott requests that the Court order the SEC to pay its attorneys' fees and costs incurred in litigating this action to secure the SEC's compliance with the FOIA.

## JURISDICTION AND VENUE

8.     This Court has subject-matter jurisdiction over this action under 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i) and 28 U.S.C. § 1331.

9.     This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

10.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

11.     Plaintiff Elliott Investment Management L.P., a limited partnership, is a leading multi-strategy investment advisor and one of the oldest firms of its kind under continuous management.  Elliott invests in a wide range of areas in order to

protect and grow the assets of its investors, which include 101 educational endowments, more than 180 foundations, and more than 100 private and public pension plans, among others.

12.    Defendant SEC is an agency of the United States government, within the meaning of 5 U.S.C. § 552(f), and has a duty to provide prompt public access to records in its possession, consistent with the requirements of the FOIA.

13.    The SEC maintains possession and control of the records requested by Elliott in the FOIA Requests.

## LEGAL FRAMEWORK

14.    The FOIA requires federal agencies to "promptly" make agency records available to any person if that person makes a request which (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request.  5 U.S.C. § 552(a)(3)(A).

15.    The FOIA requires an agency to issue a determination on any such information request within twenty business days from the date of its receipt.  5 U.S.C. § 552(a)(6)(A)(i).  An agency may extend this statutory deadline by ten business days in "unusual circumstances."  5 U.S.C. § 552(a)(6)(B)(i)

16.    In response to a FOIA request, an agency is required to inform the requester of three things: (1) the agency's determination of whether or not it must comply with the request; (2) the reasons for its decision; and (3) notice of the right of the requester to appeal to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i).

17.    If an agency fails to provide a determination on a FOIA request within the statutory timeframe, the requester is deemed to have exhausted its

4

administrative remedies and may immediately file suit against the agency.  5 U.S.C.
§ 552(a)(6)(C)(i).

18.    The FOIA also requires agencies to provide "an estimated date on which
the agency will complete action on the request."  5 U.S.C. § 552(a)(7)(B)(ii); *see also* 5
U.S.C. § 552(a)(6)(B)(i).

19.    Agencies shall make reasonable efforts to maintain their records so they
are  reproducible  for  FOIA  purposes,  5  U.S.C.  § 552(a)(3)(B),  and  "shall  make
reasonable  efforts"  to  search  for  responsive  records,  *id*. § 552(a)(3)(C).   The  term
"search" "means to review, manually or by automated means, agency records for the
purpose  of  locating  those  records  which  are  responsive  to  a  request."   5  U.S.C.
§ 552(a)(3)(D).

20.    In furnishing records responsive to a request under the FOIA, an agency
may,  for  limited  and  defined  categories  of  information,  exclude  or  withhold  such
information  from  disclosure.    5  U.S.C.  § 552(b).    However,  even  where  proper
justification exists for withholding such information, the agency must provide the
remaining portions of records that are "reasonably segregable" from the properly
withheld portions thereof.  *Id.*

21.    Except in certain circumstances, when an agency produces a record in
response to a FOIA request but withholds a portion thereof, the agency must indicate
the volume of information withheld and the exemption under which such information
has been withheld.  *Id.*; 5 U.S.C. § 552(a)(6)(F).

22.     An agency that withholds public records from a requestor under the FOIA bears the burden of sustaining the legality of its action.  5 U.S.C. § 552(a)(4)(B).

23.     Agencies are prohibited from assessing search fees if the agency fails to comply with the FOIA's twenty-day determination deadline or any lawful extension under the statute's "unusual circumstances" provisions. 5 U.S.C. § 552(a)(4)(A)(viii).

## **OPERATIVE FACTS**

24.     Elliott submitted three FOIA requests to the SEC dated March 3, 2023, June 1, 2023, and July 12, 2023.  These requests are described in more detail below.

### ***The First FOIA Request***

25.     The First FOIA Request seeks records relating to the SEC's Rule 10B-1 Proposal and Section 13(d) Proposal.  A copy of the First FOIA Request is attached as Exhibit A.

26.     The records requested by Elliott are likely to contribute significantly to the public understanding of the operations and activities of the government. Specifically, the requested records will shed light on the SEC's consideration and development of the Proposed Rules.

27.     The First FOIA Request was received and acknowledged by the SEC via email on March 3, 2023, and assigned tracking number "23-01209-FOIA."  A copy of the SEC's March 3, 2023 letter is attached as Exhibit D.

28.     On March 24, 2023, the SEC informed Elliott that it was unable to respond to its request within the FOIA's twenty-day statutory time period due to "unusual circumstances."  A copy of the SEC's March 24, 2023 letter is attached as Exhibit E.

29.   Specifically, the SEC invoked the following unusual circumstances: "(a) the need to search for and collect records from an organization geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with two or more other offices having a substantial interest in either the determination or the subject matter of the records."

30.   The ten-day extension for "unusual circumstances" expired on April 14, 2023.

31.   On June 1, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting an update on the status of the First FOIA Request.  The SEC did not respond.

32.   On October 3, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting an update on the status of the First FOIA Request.

33.   On October 5, 2023, the SEC's Office of FOIA Services responded by email: "We are still consulting with another office concerning your request.  Although we cannot estimate the completion date at this time, we will advise you of our findings as soon as we receive an update of any responsive information."

34.   On October 6, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting a further update by October 27, 2023.  Counsel for Elliott explained that if the SEC could not provide a definitive timetable by that date, Elliott intended to proceed with federal court litigation to compel compliance with the FOIA.

35.   To date, no further communication has been received by Elliott from the SEC about the First FOIA Request.

36.    To date, no updated estimated date of completion has been provided to Elliott.

37.    To date, the SEC has not provided Elliott with a timely and lawful "determination" that informs Elliott of (1) the SEC's determination of whether or not to comply with the First FOIA Request; (2) the reasons for its decision; and (3) notice of the right of Elliott to appeal to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i).

38.    To date, the SEC has not produced a single record responsive to the First FOIA Request.

39.    The SEC has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

40.    Elliott has constructively exhausted all administrative remedies required by the FOIA.  5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

41.    Elliott has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

### *The Second FOIA Request*

42.    The Second FOIA Request seeks records relating to the SEC's development of a memorandum dated April 28, 2023, entitled "Supplemental data and analysis on certain economic effects of proposed amendments regarding the reporting of beneficial ownership."[1]  A copy of the Second FOIA Request is attached as Exhibit B.

---

[1] *Available at* https://www.sec.gov/comments/s7-06-22/s70622-20165251-334474.pdf.

43.     Additionally, the Second FOIA Request seeks written communications between the Division of Economic and Risk Analysis and SEC Chair Gary Gensler's office.

44.     The records requested by Elliott are likely to contribute significantly to the public understanding of the operations and activities of the government. Specifically, the requested records will shed light on the SEC's consideration of the Proposed Rules.

45.     The Second FOIA Request was received and acknowledged by the SEC via email on June 1, 2023, and assigned tracking number "23-02407-FOIA." A copy of the SEC's June 1, 2023 letter is attached as Exhibit F.

46.     On October 3, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting an update on the status of the Second FOIA Request.

47.     On October 5, 2023, the SEC's Office of FOIA Services responded by email: "Please be advised that we are still consulting with other Commission staff regarding your request. Your request has been tasked [to] the Program Office to conduct a search for responsive records. Once we receive a response from the Program Office and all processing is completed, we will respond to you in writing."

48.     On October 6, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting a further update by October 27, 2023. Counsel for Elliott explained that if the SEC could not provide a definitive timetable by that date, Elliott intended to proceed with federal court litigation to compel compliance with the FOIA.

49.     On October 13, 2023, the SEC requested additional search terms to facilitate a document search.

50.     Counsel for Elliott provided additional search terms on October 24, 2023, and requested that the SEC provide a further update on this request by November 1, 2023.

51.     On November 2, 2023, the SEC responded by email to Elliott's counsel: "A search of the terms below was sent to our Office of Information Technology (OIT) along with your request.  We're awaiting a response regarding the search.  We anticipate a response from OIT by November 17th at the earliest."

52.     To date, no further communication has been received by Elliott from the SEC about the Second FOIA Request.

53.     To date, no updated estimated date of completion has been provided to Elliott.

54.     To date, the SEC has not provided Elliott with a timely and lawful "determination" that informs Elliott of (1) the SEC's determination of whether or not to comply with the Second FOIA Request; (2) the reasons for its decision; and (3) notice of the right of Elliott to appeal to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i).

55.     To date, the SEC has not produced a single record responsive to the Second FOIA Request.

56.     The SEC has not shown due diligence in responding to the request. 5 U.S.C. § 552(a)(6)(C)(i).

57.     The SEC's latest response on November 2 does not satisfy its statutory obligations under the FOIA.  *See, e.g.*, *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186, 185 (D.C. Cir. 2013) ("If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies."); *id*. at 186, 188 ("It is not enough that, within the relevant time period, the agency simply decide to later decide. . . .  [I]n order to make a 'determination' . . . the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse.").

58.     Elliott has thus constructively exhausted all administrative remedies required by the FOIA.  5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

59.     Elliott has been forced to retain the services of counsel and to expend funds litigating Defendant's unlawful actions and omissions under the FOIA.

### *The Third FOIA Request*

60.     The Third FOIA Request seeks records relating to the SEC's development of a memorandum dated June 20, 2023, entitled "Supplemental data and analysis regarding the proposed reporting thresholds in the equity security-based swap market."[2]  A copy of the Third FOIA Request is attached as Exhibit C.

---

[2] *Available at* https://www.sec.gov/comments/s7-32-10/s73210-207819-419422.pdf.

61.    The records requested by Elliott are likely to contribute significantly to the public understanding of the operations and activities of the government. Specifically, the requested records will shed light on the SEC's consideration of the Proposed Rules.

62.    The Third FOIA Request was received and acknowledged by the SEC via email on July 13, 2023, and assigned tracking number "23-02870-FOIA." A copy of the SEC's July 13, 2023 letter is attached as Exhibit G.

63.    On July 13, 2023, the SEC informed Elliott that it would be unable to respond to its request within the FOIA's twenty-day statutory time period due to "unusual circumstances." A copy of the SEC's second July 13, 2023 letter is attached as Exhibit H.

64.    Specifically, the SEC invoked the following unusual circumstances: "(a) the need to search for and collect records from an organization geographically separated from this office; (b) the potential volume of records responsive to your request; and (c) the need for consultation with two or more other offices having a substantial interest in either the determination or the subject matter of the records."

65.    The ten-day extension for "unusual circumstances" expired on August 24, 2023.

66.    On October 3, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting an update on the status of the Third FOIA Request.

67.    On October 5, 2023, the SEC's Office of FOIA Services responded by email: "We are still consulting with other offices concerning your request (23-02870-

12

FOIA).  Although we cannot estimate the completion date at this time, we hope to be able to complete your request shortly."

68.     On October 6, 2023, counsel for Elliott emailed the SEC's Office of FOIA Services requesting a further update by October 27, 2023.  Counsel for Elliott explained that if the SEC could not provide a definitive timetable by that date, Elliott intended to proceed with federal court litigation to compel compliance with the FOIA.

69.     On October 11, 2023, the SEC requested additional search terms to facilitate a document search.

70.     Counsel for Elliott provided additional search terms on October 24, 2023, and requested that the SEC provide a further update on this request by November 1, 2023.

71.     On November 2, the SEC responded by email to Elliott's counsel: "We are currently having our program Office of Information Technology (OIT) conduct a search for responsive emails that may be responsive to your request.  We will advise you of our findings, as soon as we receive a response and provide you with an estimated completion date."

72.     To date, no further communication has been received by Elliott from the SEC about the Third FOIA Request.

73.     To date, no updated estimated date of completion has been provided to Elliott.

74.     To date, the SEC has not provided Elliott with a timely and lawful "determination" that informs Elliott of (1) the SEC's determination of whether or not

to comply with the Third FOIA Request; (2) the reasons for its decision; and (3) notice

of the right of Elliott to appeal to the head of the agency.  5 U.S.C. § 552(a)(6)(A)(i).

75.     To date, the SEC has not produced a single record responsive to the

Third FOIA Request.

76.     The SEC has not shown due diligence in responding to the request.

5 U.S.C. § 552(a)(6)(C)(i).

77.     The SEC's latest response on November 2 does not satisfy its statutory

obligations under the FOIA.  *See, e.g.*, *Citizens for Resp. & Ethics in Washington v.

Fed. Election Comm'n*, 711 F.3d 180, 186, 185 (D.C. Cir. 2013) ("If the agency does

not make a 'determination' within the relevant statutory time period, the requester

may file suit without exhausting administrative appeal remedies."); *id*. at 186, 188

("It is not enough that, within the relevant time period, the agency simply decide to

later decide. . . .  [I]n order to make a 'determination' . . . the agency must at least: (i)

gather and review the documents; (ii) determine and communicate the scope of the

documents it intends to produce and withhold, and the reasons for withholding any

documents; and (iii) inform the requester that it can appeal whatever portion of the

'determination' is adverse").

78.     Elliott has thus constructively exhausted all administrative remedies

required by the FOIA.  5 U.S.C. § 552(a)(6)(A), (a)(6)(C).

79.     Elliott has been forced to retain the services of counsel and to expend

funds litigating Defendant's unlawful actions and omissions under the FOIA.

## CLAIMS

### Count 1: Failure to Provide Timely and Lawful Determination

80.     The above paragraphs are incorporated herein by reference.

81.     Elliott has a statutory right to have the SEC process its FOIA requests in a manner that complies with the FOIA.  5 U.S.C. § 552(a)(3).

82.     The SEC violated Elliott's rights in this regard by failing to provide timely and lawful determinations on the FOIA Requests.

83.     Elliott has constructively exhausted its administrative remedies with respect to this claim.

84.     Elliott is entitled to injunctive relief to compel the SEC to provide timely and lawful determinations on the FOIA Requests.

85.     Elliott has been and will continue to be adversely affected by the  SEC's continuing violation of the FOIA's requirement to provide timely and lawful determinations on the FOIA Requests.

86.     Unless enjoined and made subject to a declaration of Elliott's legal rights by this Court, the SEC will continue to violate Elliott's rights to receive public records under the FOIA.

### Count 2: Failure to Conduct Reasonably Adequate Search for Records

87.     The above paragraphs are incorporated herein by reference.

88.     Elliott has a statutory right to have the SEC process its FOIA requests in a manner that complies with the FOIA.  5 U.S.C. § 552(a)(3).

89.     The SEC violated Elliott's rights in this regard by failing to undertake searches that are reasonably calculated to locate all records that are responsive to Elliott's FOIA Requests.

90.     Elliott has constructively exhausted its administrative remedies with respect to this claim.

91.     Elliott is entitled to injunctive relief to compel the SEC to conduct adequate searches for records responsive to the FOIA Requests.

92.     Elliott has been and will continue to be adversely affected by the SEC's continuing violation of the FOIA's requirement to undertake searches that are reasonably calculated to locate records that are responsive to Elliott's FOIA Requests.

93.     Unless enjoined and made subject to a declaration of Elliott's legal rights by this Court, the SEC will continue to violate Elliott's rights to receive public records under the FOIA.

### Count 3: Unlawful Withholding of Non-Exempt Public Records

94.     The above paragraphs are incorporated herein by reference.

95.     Elliott has a statutory right to have the SEC process the FOIA Requests in a manner that complies with the FOIA.

96.     The SEC violated Elliott's rights in this regard when it failed to promptly provide public, non-exempt records to Elliott, 5 U.S.C. §§ 552(a)(3)(A), (B), to provide a reasonable estimate of the volume of withheld records, 5 U.S.C. § 552(a)(6)(F), and to reasonably segregate all non-exempt portions of otherwise exempt material, 5 U.S.C. § 552(b).

16

97.     The SEC is unlawfully withholding from public disclosure the records sought by Elliott, records to which Elliott is legally entitled and for which no valid disclosure exemption applies.

98.     Elliott has constructively exhausted its administrative remedies with respect to this claim.

99.     Elliott is entitled to injunctive relief to compel production of all non-exempt, responsive records, including all reasonably segregable, non-exempt portions of otherwise exempt records.

100.    Elliott has been and will continue to be adversely affected by the SEC's continuing withholding of non-exempt public records in violation of the FOIA.

101.    Unless enjoined and made subject to a declaration of Elliott's legal rights by this Court, the SEC will continue to violate Elliott's right to receive public records under the FOIA.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Elliott respectfully requests that the Court:

A.      Declare as unlawful the SEC's failure to make a timely determination on Elliott's FOIA Requests;

B.      Declare as unlawful the SEC's failure to conduct a reasonably adequate search for records responsive to Elliott's FOIA Requests;

C.      Declare as unlawful the SEC's withholding of the requested information and agency records for which no FOIA exemption has been claimed;

D.     Order the SEC to promptly conduct searches that are reasonably calculated to locate all records responsive to the FOIA Requests, with the cut-off date for documents responsive to each search being the date the search is conducted;

E.     Order the SEC to promptly provide Elliott with all records sought in this action that are not subject to any FOIA exemption, including any reasonably segregable, non-exempt portions of otherwise exempt records;

F.     Exercise close supervision over the SEC as it processes the Court's request;

G.     Award Elliott reasonable attorney's fees and expenses pursuant to 5 U.S.C. § 552(a)(4)(E); and

H.     Grant any such further relief as the Court deems just and proper.


Dated: November 2, 2023                    Respectfully submitted,

                                           */s/ Thomas Brugato*
                                           Thomas Brugato (D.C. Bar 1013523)
                                           Kevin F. King (D.C. Bar 1012403)
                                           COVINGTON & BURLING LLP
                                           850 Tenth Street, NW
                                           Washington, DC 20001-4956
                                           (202) 662-6000
                                           tbrugato@cov.com

                                           Bruce C. Bennett (admission pending)
                                           COVINGTON & BURLING LLP
                                           The New York Times Building
                                           620 Eighth Avenue
                                           New York, NY 10018

                                           *Counsel for Plaintiff*